CHAFIN LIPES and BROWN GAMBLE *v.* THE STATE.

CRIMINAL LAW. *Evidence of physical peculiarity.* On a question of physical peculiarity of a prisoner, a witness who had recently or immediately examined the prisoner, is competent to testify as to what he had seen. If there be doubt as to the correctness of the testimony of such witness, a physician, if deemed best, under orders of the court, may examine the prisoner.

FROM M'NAIRY.

Appeal in error from the Circut Court of McNairy county. THOS. P. BATEMAN, J.

A. W. CAMPBELL, A. W. STOVALL and PACE & BRADEN for Lipes and Gamble.

ATTORNEY-GENERAL LEA and J. W. CHERRY for the State.

FREEMAN, J., delivered the opinion of the court.

The defendants were indicted and tried by the circuit court of McNairy county, charged with an assault with intent to commit murder in the first degree, by shooting one J. A. Barnes, in 1882. They were convicted of the offense as charged, and sentenced to three years in the penitentiary. They appealed to this court. Several errors are assigned in favor of reversal, as to defendant, Lipes. We need notice but one, as it is conclusive of the case.

The shooting was done from a thicket, near a field, where Barnes was mowing at the time. He saw Gamble, as he swears, and fired a pistol, until he had unloaded all the charges at him, after he, himself, was shot, and as he ran off. Tracks in a ditch near the fence, showed that another party was present, and this party barefooted. It was attempted by the State to identify Lipes as the other party, by a peculiarity of the track, and the fact that he had a peculiarity in the shape and length of his toes, corresponding to the track found. The bill of exceptions contains a statement by the presiding judge, Bateman, that at the close of the testimony of the defense, it was first proposed by the defendant's counsel, that Lipes should pull off his shoes and exhibit his feet to the jury, but this was refused on objection by the State. It was then asked, that the court appoint some one to examine the feet of defendant, which the court refused,

stating as a reason, that "evidence manufactured for the occasion was not competent, and could not be admitted." We gather that his counsel then started to take him out to examine his feet, when the court said, "you need not take the defendant out to examine his feet, for I will not stop the case for evidence to be manufactured, and will not permit such evidence to go before the jury," and required the defendant to come back and go on with the case.

Counsel then said, "we have had some witnesses to examine the defendant's feet," and they proposed to introduce them. The court replied he would not permit that or any other manufactured evidence to go to the jury. The defendant then introduced a party who proved he had just examined the defendant's feet. The State objected to his testifying on the question, and objection sustained. Another witness was presented, who said he had just examined his feet, and he was not allowed to testify. The court, however, said they might introduce any testimony about his feet, provided it was not got up for the occasion, like that he had ruled out.

We think the excellent circuit judge erred in these rulings. On a question of physical peculiarity that could only be proven by persons who had seen the feet of the party, we can see no reason why a party who had recently, or immediately before, seen them, should not be as competent to testify as to what he had seen, as one who had seen them a week or month before, or spoken from memory of how he had seen them when growing up with him, as a bare-

footed boy.    Nor is there any reason seen why the fact might not have been investigated by competent men at any time, and their testimony given to the jury.    As a matter of course, the State could rebut by having other parties examine the feet, as a physician, if deemed best, under orders of the court, if any doubt as to the fact, or whether the witnesses had told the truth.    An examination in this case in presence of court and jury, would have given the most satisfactory result.    But what they might say, was to be judged of and weighed by the jury, and not assumed to be manufactured in advance of hearing the witnesses.    The real matter was to ascertain how the fact was, and the best means of ascertaining the truth of the case is what is desirable, if truth, and not mere technical routine, is the object of the law.

For refusal of his Honor to admit the testimony offered, the judgment, as to Lipes, must be reversed, and remanded for a new trial.

As to defendant, Gamble, we see no error of which he can complain in this record.    The jury, under a proper charge, have found him guilty.    The evidence not only does not preponderate against the verdict, but is largely in favor of the finding.    If the jury had found differently, it would certainly not have been in accord with the weight of the testimony.    We do not deem it necessary to go into an examination of the testimony to vindicate or sustain this conclusion, but only to state the result of an examination.

Let the judgment be affirmed as to him.